IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHILLIP DEWAYNE STEWART**
a/k/a Shaquile Lebron Israel                                                                      **PLAINTIFF**

v.                            Case No. 4:21-cv-00982-KGB

**SHERRI FLYNN**, Director, Arkansas
**Sex Offender Screening Registration**
**Assessment,** *et al.*                                                                             **DEFENDANTS**

## ORDER

Plaintiff Phillip Dewayne Stewart initiated this suit while still an inmate at the Ouachita River Unit of the Arkansas Division of Correction, and he has since filed a *pro se* amended complaint, pursuant to 42 U.S.C. § 1983, against Arkansas Sex Offender Screening Registration Assessment Director Sherri Flynn, Deputy Prosecuting Attorney John Charles Hout, Public Defender Donald Thompson, Judge Wendell Griffen, Arkansas Sex Offender Screening Registration Assessment Secretary Jan Scussel, and Arkansas Sex Offender Screening Registration Assessment Rehab Area Manager Diane Gray (Dkt. No. 6).

After filing his amended complaint, Mr. Stewart filed a motion to amend in which he moved to strike the portion of his amended complaint where he asked this Court to reduce his sex offender registration from a class level three to a class level one (Dkt. No. 12). Mr. Stewart's motion to amend is granted (Dkt. No. 12). The Court strikes from Mr. Stewart's amended complaint Mr. Stewart's request to reduce his sex offender registration from a class level three to a class level one.

Mr. Stewart has paid the filing fee (Dkt. No. 8), but the Court must screen his amended complaint, with the amendment Mr. Stewart requests. 28 U.S.C. § 1915(e)(2)(b).

**I.     Screening**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C §1915, the Court must screen Mr. Stewart's amended complaint, with the amendment Mr. Stewart requests, to determine whether it is frivolous or malicious, fails to state claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.   Mr. Stewart's Claims

Mr. Stewart challenges a statement made by Prosecuting Attorney John Hout at Mr. Stewart's June 25, 2012, plea hearing. Specifically, Mr. Stewart argues that Mr. Hout stated wrongly during the hearing, "I have failed to mention before, he has been convicted of four or more prior felonies, one of which, being a failure to register" (Dkt. No. 6 at 5). Mr. Stewart does not challenge Mr. Hout's statement that he was a habitual criminal; instead, Mr. Stewart argues that he had never before been convicted of failing to register (*Id.*). Mr. Stewart further argues that Public Defender Donald Thompson was aware Mr. Hout's statement about Mr. Stewart's criminal history was false and acted ineffectively by not objecting to the statement (Dkt. No. 6 at 9). Finally, Mr. Stewart argues that Circuit Court Judge Wendell Griffen, who presided over his plea hearing, also knew Mr. Hout's statement to be false and acted with bias by not striking the statement from the record (*Id.* at 8).

Mr. Stewart next argues that he was screened improperly as a level three sex offender on June 19, 2008 (*Id.* at 10-13). Mr. Stewart argues that he was never given a mental health screening and concludes that, as a result, his assessment level is unlawful (*Id.*). Mr. Stewart argues his screener, Jan Dewoody Scussel, violated his rights by not sending him for a mental health screening (*Id.* at 14-15). Mr. Stewart also argues that both Director Sherri Flynn and Rehab Area Manager Diane Gray are responsible for the unlawful assessment as a result of their failure to train properly Ms. Scussel and other subordinates (*Id.* at 10-13, 16-19). Mr. Stewart seeks to have his sex-offender-registration requirement enjoined.

### III.  Discussion

As explained in more detail below, Mr. Stewart's claims are barred by the applicable statute of limitations.  In any event, Mr. Stewart's claims fail to state a claim on which relief may be granted because they are barred by the Supreme Court's ruling in *Heck v. Humphrey* and, in large part, barred by immunity.

### A.  Time Bar

Mr. Stewart brought suit under 42 U.S.C. § 1983, which creates a cause of action for the violation of constitutional rights by a person acting under the color of law.  42 U.S.C. § 1983. Claims under § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claim accrues.  *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995).  In Arkansas, that statute is Arkansas Code Annotated § 16-56-105(3), which provides for a three-year limitations period.  *See Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001).  Mr. Stewart's complaints arise either from his 2012 plea hearing or from his 2008 sex-offender-registration assessment (Dkt. No. 2).

Mr. Stewart filed this lawsuit on October 28, 2021, over nine years after entering his guilty plea and over 13 years after receiving his sex-offender assessment.  Because each of the alleged unlawful actions took place well over three years prior to Mr. Stewart's bringing this suit, his claims in this case are time barred.

### B.  Claims Barred By The Supreme Court's Ruling In *Heck v. Humprhey* And Immunity

#### 1.  *Heck v. Humphrey* Doctrine

Even if Mr. Stewart's plea-hearing claims had been timely, any claim for damages under this theory fails.  If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of a state conviction, continued imprisonment, or sentence, then no claim for

4

damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). A finding in Mr. Stewart's favor on the claims he alleges would necessarily call into question the effectiveness of his trial counsel and the conduct of both the prosecutor and presiding judge, which necessarily implies the invalidity of the state conviction. Nothing in Mr. Stewart's pleadings indicates that his conviction has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*, and any judgment in his favor on the claims he alleges in this case would imply the invalidity of his state conviction. Accordingly, Mr. Stewart's claim is barred under the Supreme Court's ruling in *Heck*.

### 2. Judge Griffen

Beyond that, immunity bars Mr. Stewarts's official and personal capacity plea-hearing claims. Mr. Stewart's official-capacity claims against Judge Griffen fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id*. Because Judge Griffen is an official of the State of Arkansas, he cannot be considered a "person" in his official capacities for the purposes of § 1983. Accordingly, Mr. Stewarts's official-capacity claims against him must be dismissed.

Further, absolute immunity bars Mr. Stewart's personal-capacity claims against Judge Griffen. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity is overcome only when a judge acts outside of his judicial capacity or when his actions are taken in complete absence of all jurisdiction. 502 U.S. at 11-12. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted). Mr. Stewart has not alleged that Judge Griffen acted outside of his judicial capacity or in complete absence of jurisdiction. Accordingly, absolute immunity applies, and any claims Mr. Stewart has for damages against Judge Griffen in his personal-capacity must be dismissed.

While Mr. Stewart seeks injunctive relief, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, Mr. Stewart did not claim that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, he fails to state a claim for injunctive relief. *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019).

While immunity does not bar Mr. Stewart's claim against Judge Griffen for declaratory relief, declaratory relief nonetheless is not available. *Id.*, at 763-64. The Court of Appeals for the Eighth Circuit has explained that "declaratory relief is limited to *prospective* declaratory relief." *Id.* (emphasis in original). In this case, Mr. Stewart seeks to right a past wrong. Mr. Stewart complains of error occurring at his 2012 plea hearing. Under these circumstances, Mr. Stewart fails to state a claim against Judge Griffen.

### 3. Prosecutor Hout And Public Defender Thompson

Mr. Stewart's official capacity claims against both Mr. Hout and Mr. Thompson are barred for the same reason his official capacity claims against Judge Griffen fail. Mr. Hout and

Mr. Thompson are officials of the State of Arkansas and not "persons" for the purposes of § 1983. Further, "[p]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). And, no constitutional claims can lie against Mr. Thompson because public defenders do not act "under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 545 U.S. 312, 321 (1981). The only wrongful conduct Mr. Stewart alleged with respect to these two defendants was that Mr. Hout purportedly made a statement during the plea hearing and that Mr. Thompson allegedly failed to challenge the statement. Even assuming what Mr. Stewart alleges is true, because Mr. Hout's statement and Mr. Thompson's decision not to object were made in their official capacities, absolute immunity applies.

As to Mr. Stewart's request for injunctive relief, under *Ex Parte Young*, an individual may sue a state official in his official capacity for prospective injunctive relief to remedy ongoing violations of federal law. *See Ex Parte Young*, 209 U.S. 123, 149-50 (1908). The issue here, then, is whether Mr. Stewart alleges in his amended complaint ongoing violations. Mr. Stewart complains about the veracity of Mr. Hout's statement regarding the type of one of four convictions used in support of Mr. Stewart's habitual criminal status. He also complains about Mr. Thompson's failure to object to the same. Mr. Stewart does not argue that he was not a habitual criminal but rather argues that Mr. Hout wrongly stated on the record that one of Mr. Stewart's past crimes involved the failure to register. Mr. Stewart's argument involves an alleged past wrong – and one for which he has already completed the prison sentence. As such, injunctive and declaratory relief are inappropriate.

### 4. Sherri Flynn, Jan Scussel, And Diane Gray

Mr. Stewart alleges that Ms. Flynn and Ms. Scussel failed to train properly Ms. Gray and her coworkers. As a result, Mr. Stewart argues that his assessment is unlawful because it did not include a mental health exam. Just as with the other defendants, Mr. Stewart's official-capacity claims against Ms. Flynn, Ms. Scussel, and Ms. Gray fail because they are the equivalent of claims against the State of Arkansas. *See Will*, 491 U.S. at 71. Because any damages claims against these defendants in their official capacity is really a claim against the State of Arkansas, Ms. Flynn, Ms. Scussel, and Ms. Gray cannot be considered "persons" in their official capacities for the purposes of § 1983. Additionally, Arkansas specifically provides immunity for each of these defendants for any good faith decisions made in their employment. *See* Ark. Code Ann. § 12-12-920. Mr. Stewart has not shown that any of their decisions were made in bad faith. Accordingly, Mr. Stewarts's official-capacity claims against these defendants must be dismissed.

While Mr. Stewart can sue Ms. Flynn, Ms. Scussel, and Ms. Gray in their official capacities for injunctive relief, injunctive relief is inappropriate where an adequate remedy exists at law. *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984). Here, there were other remedies available to Mr. Stewart, including seeking a reassessment or termination of the registration requirement. *See* Ark. Code Ann. § 12-12-917(h)(1)(A); *see also* Ark. Code Ann. § 12-12-919(b)(1)(A)(i)(a).

Additionally, Mr. Stewart's argument that his screeners failed to follow the procedures in the Sex Offender Registration Act are not actionable. A state official's failure to follow state law does not give rise to an action under 42 U.S.C. § 1983. *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996).

### IV. Conclusion

For the reasons set forth above, Mr. Stewart's amended complaint is dismissed without prejudice (Dkt. No. 6). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this 13th day of September, 2022.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge